UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07 CR 776 CDP-1 |
| ) | |
| BURL WASHINGTON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before me on plaintiff's motion for release of funds from defendant's inmate trust account filed on August 31, 2020. (Doc. 197). Defendant objects to the motion. (Doc. 199). For the following reasons, plaintiff's motion will be granted.

On June 19, 2008, defendant was found guilty by a jury of one count of distribution of fentanyl with death resulting in violation of 21 U.S.C. § 841(a), one count of distribution of oxycodone with death resulting in violation of 21 U.S.C. § 841(a), one count of distribution of fentanyl in violation of 21 U.S.C. § 841(a), and one count of possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a). (Doc. 61). I sentenced defendant to a total of 360 months imprisonment and supervised release for a term of five years on November 6, 2008. (Doc. 139). I also ordered Defendant to pay $6,768.86 in restitution and a special assessment of $400. (Doc. 139). To date, defendant has paid $755.00 toward the total balance of

this debt, and $6,413.86 remains due and owing.  Defendant is currently incarcerated at FCI Butner in Butner, North Carolina.

The Bureau of Prisons (BOP) has established inmate trust accounts in order to "allow the Bureau to maintain inmates' monies while they are incarcerated."  28 C.F.R. § 506.1.  "Family, friends, or other sources may deposit funds into these accounts." *Id.*  Defendant has such an account and currently has $4,643.03 in his account, including money resulting from tax credit payments issued by the Treasury Department related to COVID-19 stimulus relief legislation.  (Doc. 202).  Plaintiff now moves for an Order authorizing the BOP to turn over to the Clerk of Court the funds in defendant's trust account as payment for the criminal monetary penalties imposed in this case.

The procedure by which the government may enforce criminal monetary penalties is set forth by 18 U.S.C. § 3613.  An order of restitution is "a lien in favor of the United States on all property and rights to property. . . ."  18 U.S.C. § 3613(c).  Additionally, the Mandatory Victims Restitution Act states that "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n).  Defendant is required to notify this Court of any material change in his "economic circumstances" that might affect defendant's ability to pay restitution.  18 U.S.C. § 3664(k).  The Court may also accept notification of a material change in the

defendant's economic circumstances from the United States or from the victim. *Id*. "Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." *Id*. These statutes authorize plaintiff to request the turnover of inmate funds from an inmate trust account to be applied to restitution. *United States v. Poff,* 781 Fed. Appx. 593 (9th Cir. 2019); *United States v. Rand*, 924 F.3d 140 (5th Cir. 2019).

Defendant argues that his funds should be unencumbered because he has been making monthly restitution payments through the Inmate Financial Responsibility Program (IFRP). Defendant also argues that plaintiff's motion is "unnecessary and malicious" and that the Court "did not set a dollar amount to be paid monthly" for restitution or "order a set time for the total and complete restitution to be paid." (Doc. 199).

Here, the funds are subject to the government's lien created by the restitution order entered in this case. 18 U.S.C. § 3613(c). Because the property at issue is cash, it does not fall within any of the applicable categories of exempt property that a defendant may claim in a criminal case. 18 U.S.C. § 3613(a)(1). There is no exemption in the statute for stimulus payments. Contrary to defendant's arguments, the Judgment entered against defendant provides that "all criminal monetary penalties are due in full immediately." (Doc. 139 at 7). It further states that "if the defendant cannot pay in full immediately, then the defendant shall make payments under the

following minimum payment schedule: During incarceration, it is recommended that the defendant pay criminal monetary penalties through an installment plain in accordance with the [IFRP] at the rate of 50% of the funds available to defendant." (Doc. 139). That defendant may have made payments through the IFRP does not mean that the entirety of his restitution is not "due in full immediately" or that the funds in his trust account are exempt from the government's lien created by the restitution order entered in this case.

Based on the information set forth in the plaintiff's motion, the Court finds that defendant has substantial resources in the form of money that has been deposited in his inmate account held by the Bureau of Prisons, and this money is not exempt from enforcement of the judgment. *See* 18 U.S.C. § 3613(a). Moreover, the Court finds the receipt of these substantial resources constitutes a material change in defendant's economic circumstances that affects his ability to pay restitution under 18 U.S.C. § 3664(k). Pursuant to the Crime Victim Rights Act, the victims of defendant's crimes are entitled to full and timely restitution as provided in law. *See* 18 U.S.C. § 3771(a)(6). The Court will therefore grant plaintiff's motion and deny defendant's corresponding motion.

Accordingly,

**IT IS ORDERED** that the motion for release of funds from inmate trust account [197] is granted.

**IT IS FURTHER ORDERED** that United States Bureau of Prisons shall turn over to the Clerk of the United States District Court for the Eastern District of Missouri all funds in the inmate trust account of Defendant Burl Washington as payment toward the criminal monetary penalties imposed against him via check payable to "United States District Court, Eastern District of Missouri," referencing Case No. 4:07 CR 776 CDP-1 delivered either personally or by First Class Mail to:

> Clerk of the U.S. District Court
> 111 S. 10th Street
> St. Louis, Missouri 63102

Alternatively, the Bureau of Prisons may make the required payment to the Clerk of Court within 30 days from the date of this Order via electronic transfer in the manner that it makes payments through the Inmate Financial Responsibility Program. Said payment shall be limited to the amount of criminal monetary penalties due. To the extent defendant's account balance may exceed the amount of criminal monetary penalties owed, the Bureau of Prisons is hereby directed to unencumber any such funds in the account.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this day of July, 2021.